UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DUSTON MILLER, | Case No. 2:25-cv-00783-GMN-MDC |
| Petitioner, | |
| v. | **ORDER** |
| ATTORNEY GENERAL OF THE STATE OF NEVADA, *et al.*, | |
| Respondents. | |

Petitioner Duston Miller, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 5). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court directs service of the Petition.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Miller challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Miller*, Case No. C-16-312061-2.[2] On May 23, 2018, the state district court entered an amended judgment of conviction following a jury trial for six

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

counts of Burglary, five counts of Grand Larceny, three counts of Robbery, and one count each of Conspiracy to Commit Robbery and Battery Resulting in Substantial Bodily Harm. The Nevada Court of Appeals affirmed the judgement of conviction on direct appeal.

Miller filed a state post-conviction Petition for Writ of Habeas Corpus. The state district court denied post-conviction relief, but the Nevada Court of Appeals affirmed, in part, and reversed, in part, with instructions on remand to grant the petition in part to vacate the convictions of Grand Larceny. On May 2, 2025, Miller initiated this federal habeas corpus proceeding. ECF No. 1-1. Having conducted an initial review, the Court will direct service of the Petition and a response.

**IT IS THEREFORE ORDERED:**

1. The Clerk of the Court is kindly directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

2. Respondents will have **60 days** from the date of this order to appear in this action and answer or otherwise respond to the Petition.

3. If Respondents file an answer to the Petition, Petitioner may file a reply within **60 days** from the date the answer is filed and served. If Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

4. Any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss may be subject to waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2)

as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, will be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

5. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

6. Respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

7. All state court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10).  Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth).  If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

8. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits *need not* be provided to chambers or to the staff attorney, unless later directed by the court.

DATED:   June 18, 2025

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE