**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DUSTON MILLER,

Petitioner,

v.

ATTORNEY GENERAL OF THE STATE OF NEVADA[1], *et al*.,

Respondents.

Case No. 2:25-cv-00783-GMN-MDC

**ORDER**

This habeas case is brought by Petitioner Duston Miller, who filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging thirteen claims for relief. ECF No. 5. Respondents move to dismiss certain grounds as unexhausted, procedurally defaulted or not cognizable. ECF No. 21. For the reasons discussed below, Respondents' Motion to Dismiss is granted, in part, and denied, in part.

## I. Background

Miller challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. On May 23, 2018, the state district court entered an amended judgment of conviction following a jury trial for six counts of Burglary, five counts of Grand Larceny, three counts of Robbery, and one count each of Conspiracy to Commit Robbery and Battery Resulting in Substantial Bodily Harm. The state district court sentenced Miller to an aggregate term of 120 to 300 months. ECF No. 14-26. The Nevada Court of Appeals dismissed the appeal for lack of jurisdiction as untimely. ECF No. 14-40.

Miller filed a state Petition for Writ of Habeas Corpus. The state district court denied

[1] The state corrections department's inmate locator page indicates that Miller is released on parole. At the end of this Order, the Court kindly directs the Clerk of Court to substitute the Nevada Board of Parole for Respondent Attorney General of the State of Nevada. *See* Fed. R. Civ. P. 25(d).

post-conviction relief, but the Nevada Court of Appeals affirmed, in part, and reversed, in part. The Nevada Court of Appeals remanded for an evidentiary hearing on Miller's claim that trial counsel rendered ineffective assistance for failure to prepare and file a direct appeal. ECF No. 16-14 at 6-7. On remand and following the appointment of counsel, the state district court conducted an evidentiary hearing regarding Miller's ineffective assistance of counsel claim. The state district court granted relief and permitted Miller to file an untimely direct appeal. ECF No. 16-35 at 3. Miller filed a direct appeal, and the Nevada Court of Appeals affirmed Miller's judgment of conviction in August 2022. ECF No. 17-6.

Miller filed a second state habeas Petition. ECF No. 17-11. Following an evidentiary hearing, the state district court denied relief. ECF No. 17-18. The Nevada Court of Appeals granted relief, in part, with instructions to vacate Miller's convictions of Grand Larceny. ECF No. 17-44. The state district court entered a second amended judgment of conviction vacating Miller's convictions for Grand Larceny in Counts 12 and 17. ECF No. 17-48.

Miller initiated this federal habeas corpus proceeding. ECF No. 1-1. Respondents move to dismiss Grounds One, Four, Six, Nine, Eleven, and Twelve as unexhausted, in part, and Grounds Five, Ten, and Thirteen as wholly unexhausted. Respondents also move to dismiss portions of Grounds Four and Six(a), and Grounds Two(a), Three(a), and Three(b) and Eight as procedurally defaulted. They argue that Miller's Fourth Amendment claims in Grounds Two(a) and Six(a) are barred and that Grounds Ten(a) and Thirteen[2] are not cognizable. ECF No. 22.

## II. Discussion

### a. Fourth Amendment Claims

In Ground Two(a), Miller alleges that the police conducted a warrantless search of his vehicle and admitted a coat seized during the search into evidence in violation of his Fourth Amendment rights. ECF No. 5 at 7-9. In Ground Six(a), Miller alleges that unauthorized recordings during Miller's interviews with police violated his Fourth Amendment rights. *Id.* at

[2] The Court will address Miller's actual innocence claim in relation to exhaustion. *See Cooper v. Neven*, 641 F.3d 322, 327–28 (9th Cir. 2011) (stating that when a particular issue is dispositive, a district court "need not consider alternative reasons for dismissing the petition.").

22-24. Respondents argue that these claims are not cognizable on federal habeas review under the United States Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976).

In *Stone*, the United States Supreme Court held that allegations of violations of a petitioner's Fourth Amendment rights are not cognizable in federal habeas corpus actions provided that the petitioner has a "full and fair" opportunity to litigate these claims in state court. *Stone v. Powell*, 428 U.S. 465, 481 (1976); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). To be eligible for habeas relief on Fourth Amendment claims, a petitioner must demonstrate that the state court has not afforded him a full and fair hearing on those claims. *Stone*, 428 U.S. at 494 n.37. "The relevant inquiry is whether [the] petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval*, 81 F.3d at 899.

Miller contends that *Stone* does not bar his claims because the state courts failed to resolve his claims on the merits. ECF No. 22 at 6-7. He argues that he did not have a full and fair opportunity to litigate such claims. *Id*. at 7. Miller, however, filed suppression motions in state court. In addition, he pursued his Fourth Amendment challenges in his first and second state habeas proceedings. The Nevada Court of Appeals addressed and rejected the underlying Fourth Amendment issues in evaluation of Miller's ineffective assistance of counsel claims. ECF No. 16-14 at 5-6.

The Court finds that Ground Two(a) and Six(a) are barred by the Supreme Court's holdings in *Stone*. Because Miller was not deprived of an opportunity for full and fair litigation of his suppression arguments, the Court grants Respondents' motion to dismiss Grounds Two(a) and Six(a). However, to the extent Miller alleges ineffective assistance of counsel related to the Fourth Amendment claims, the ineffective assistance of counsel claims are not foreclosed by *Stone*.

**b. Cognizability**

In Ground Ten(a), Miller alleges that the state district court erred by sentencing him as a habitual felon because the State failed to file a proper notice of intent to seek habitual felon treatment in violation of his Fifth and Fourteen Amendment rights to due process and equal

protection. ECF No. 5 at 37-40. Respondents argue that Ground Ten(a) fails to state a cognizable federal habeas claim because Miller alleges only an error in the application of state law.

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal courts may not reexamine state court decisions on state law issues). A petitioner may not transform a state–law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). *See also Lacy v. Lewis*, 123 F. Supp. 2d 533, 551 (C.D. Cal. 2000) ("Merely adding the phrase 'due process' to state law claims does not transform those claims into federal claims; rather, they remain state law claims 'dressed up' as federal due process claims."). Generally, matters relating to state sentencing are not cognizable on federal habeas review. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1997) (finding state court's misapplication of state sentencing laws does not violate due process to justify federal habeas relief unless petition can show "fundamental unfairness"); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding that question of whether a prior conviction qualifies for sentence enhancement under California law is not cognizable federal habeas claim).

Miller's claim challenging his sentencing is not cognizable under federal habeas. Although he refers to his constitutional rights to due process and equal protection of the laws, his claims present no federal question as they plainly hinge on the application or interpretation of state sentencing law. *See Swarthout v. Cooke*, 562 U.S. 216, 220-22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). Because he does not state a claim for federal habeas relief, the Court dismisses Ground Ten(a) as noncognizable in federal habeas review.

**c. Exhaustion**

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to

address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)) and *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'")). "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

Respondents move to dismiss Grounds One, Four, Six, Nine, Eleven, and Twelve as unexhausted, in part, and Grounds Five, Ten,[3] and Thirteen as wholly unexhausted.

#### i. Fifth Amendment Due Process Violations in Grounds One, Six, Nine, Eleven, and Twelve

Respondents argue that allegations of violations of Miller's Fifth Amendment due process rights in Grounds One, Six,[4] Nine, Eleven, and Twelve are unexhausted because Miller

[3] The Court has already determined that Ground Ten(a) is not cognizable in federal habeas review.

[4] The Court has already determined that Ground Six(a) is barred by the Supreme Court's holdings in *Stone*.

failed to fairly present such claims in state court. The Court finds that Miller did not allege due process violations of the Fifth Amendment as it relates to Grounds One, Six, Nine, Eleven, and Twelve. Accordingly, Grounds One, Six, Nine, Eleven, and Twelve are unexhausted to the extent they allege Fifth Amendment due process violations.

#### ii. Fourteenth Amendment Equal Protection Violations in Grounds One, Four, Nine, Eleven, and Twelve

Respondents also argue that the Fourteenth Amendment equal protection claims in Grounds One, Four, Nine, Eleven, and Twelve are unexhausted because Miller did not allege equal protection violations in those claims in state court. The Court finds that Miller did not allege equal protection violations of the Fourteenth Amendment as it relates to Grounds One, Four, Nine, Eleven, and Twelve. Accordingly, Grounds One, Four, Nine, Eleven, and Twelve are unexhausted to the extent they allege Fourteenth Amendment equal protection violations.

#### iii. Ground Five

In Ground Five, Miller alleges (a) the prosecution committed misconduct by arguing facts not in evidence, including the assertion that Miller confessed to committing the underlying crimes of Burglary and Robbery; and (b) appellate counsel was ineffective for failing to raise a claim of prosecutorial misconduct on direct appeal. ECF No. 20-22. Respondents argue that Ground Five is unexhausted because Miller did not fairly present the operative facts and the federal legal theory of this claim to the Nevada appellate courts.

Considering the general rule that the Court should construe *pro se* pleadings liberally, the Court finds that the claims asserted in Ground 5 are exhausted as the claims were fairly presented to the state appellate courts. *See Haines v. Kerner*, 404 U.S. 519 (1972). Miller asserted the claim in Ground Five(a) in his first and second state habeas Petitions. The state district court dismissed the claim alleged in his first state habeas Petition as procedurally defaulted. Miller then argued on appeal that counsel failed to raise such claim on direct appeal. Accordingly, the Court finds Ground Five is exhausted.

#### iv. Ground Ten(b)

In Ground Ten(b), Miller alleges that appellate counsel rendered ineffective assistance for

failure to challenge his treatment as a habitual criminal because the State did not file a proper notice of intent to seek habitual felon treatment. Miller asserts that he exhausted this claim in his petition for rehearing. *See* ECF No. 16-11. Although Miller challenged the habitual criminal sentencing, he did not assert a related ineffective assistance of counsel claim. Nonetheless, "[s]ubmitting a [ ]claim to the state's highest court in a procedural context [where] its merits will not be considered" does not satisfy the fair presentation requirement for exhaustion. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Ground Ten(b), therefore, is unexhausted.

**v. Ground Eleven**

In Ground Eleven, Miller alleges that (a) there was insufficient evidence to support the Robbery convictions in Counts 7, 11, and 16; and (b) appellate counsel rendered ineffective assistance for failure to raise related insufficient evidence claims. Respondents argue that Ground Eleven is unexhausted to the extent that Miller did not fairly present to the state courts a claim of insufficiency of the evidence as to his Robbery conviction in Count 7 based on the prosecutions alleged failure to prove a separate and distinct agreement apart from the underlying Grand Larceny offenses as well as the related ineffective assistance of appellate counsel claim.

Liberally construing the *pro se* pleadings, the Court finds that the claims asserted in Ground Eleven are exhausted as the claims were fairly presented to the state appellate courts. Accordingly, the Court finds Ground Eleven is exhausted.

**vi. Ground Thirteen**

In Ground Thirteen, Miller alleges a freestanding actual innocence claim. In his Opposition, Miller appears to concede that he did not raise his actual innocence claim in his state habeas Petitions. He asserts that the claim could not have been raised until the Nevada appellate court ruled on his second state habeas Petition. Accordingly, Ground Thirteen was not fairly presented to the state courts and is unexhausted.

**d. Procedural Default**

**i. General Legal Principles**

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to

comply with the State's procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

**ii. Adequacy of Nev. Rev. Stat. § 34.810**

A state procedural rule is "adequate" if it was "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court* (*Bean*), 96 F.3d 1126, 1129 (9th Cir. 1996) (citation and internal quotation marks omitted); *see also Ford v. Georgia*, 498 U.S. 411, 424 (1991) (state procedural rule adequate if "firmly established and regularly followed by the time as of which it is to be applied" (citation and internal quotation marks omitted)); *Lambright v. Stewart*, 241 F.3d 1201, 1203 (9th Cir. 2001).

In *Bennett v. Mueller*, 322 F.3d 573, 585–86 (9th Cir. 2003), the Ninth Circuit Court of

Appeals established a burden-shifting test for analyzing adequacy. Under *Bennett*, the State carries the initial burden of pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Bennett*, 322 F.3d at 586. The burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id*. If the petitioner meets this burden, "the ultimate burden" of proving the adequacy of the procedural rule rests with the State, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Id.*; *see also King v. Lamarque*, 464 F.3d 963, 966–67 (9th Cir. 2006).

With respect to Nev. Rev. Stat. § 34.810, Respondents meet their initial burden under *Bennett* by asserting that the Nevada Supreme Court applied that statute to bar Miller's claims.

**iii. Independence of Nev. Rev. Stat. § 34.810**

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with the federal law." *Park v. California*, 202 F.3d 1146, 1152 (2000) (citing *Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983)). The state procedural rule is "so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.' " *Ibid* (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

Miller argues that his claims are not procedurally barred because the Nevada appellate court considered the merits of his claims in determining that he did not show cause and prejudice to overcome procedural bars. ECF No. 22 at 5. Where a state court considers the merits of a claim only to demonstrate that the petitioner cannot overcome a state-law procedural bar of the claim, the procedural bar remains independent of federal law, such that it supports application of the procedural default doctrine. *See Nitschke v. Belleque*, 680 F.3d 1105, 1111–12 (9th Cir. 2012) (holding that the Oregon Court of Appeals' application of the Oregon "plain error" rule to the petitioner's federal law claim was independent of federal law); *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (1996) (holding a Nevada procedural rule independent where the Nevada

Supreme Court discussed the merits of the claim "strictly for the purpose of demonstrating that [the petitioner could not] overcome his procedural defaults by a showing of cause and prejudice").

The Court finds that Nevada Court of Appeals addressed the merits of the claims only to demonstrate that Miller did not overcome the procedural bars. The Nevada Court of Appeals application of the procedural bars was independent of federal law, such that it can support application of the procedural default doctrine.

**iv. Analysis**

Respondents argue that portions of Ground Four and Six(a)[5], as well as Grounds Two(a), Three(a), Three(b), and Eight are procedurally barred. The Nevada Supreme Court ruled that claims corresponding to Grounds Three(a), Three(b), Eight and portions of Ground Four were procedurally barred under Nev. Rev. Stat. § 34.810. *See* ECF No. 17-44 at 6. The Court determines that Nev. Rev. Stat. § 34.810 is adequate to support application of the procedural default doctrine. The Court also determines that the Nevada appellate court's application of Nev. Rev. Stat. § 34.810 was independent of federal law. Miller does not make any showing of cause and prejudice relative to the procedural default of this claim, or any other showing that excuses the procedural default. The Court grants Respondents' motion to dismiss Grounds Three(a), Three(b), Eight and portions of Ground Four on the ground of procedural default.

## III. Options for a Mixed Petition

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds Miller has not exhausted the following:

- Grounds One, Six, Nine, Eleven, and Twelve to the extent they allege Fifth Amendment due process violations;
- Grounds One, Four, Nine, Eleven, and Twelve to the extent they allege

[5] The Court has already determined that Grounds Two(a) and Six(a) are barred by the Supreme Court's holdings in *Stone*.

Fourteenth Amendment equal protection violations;

- Ground Ten(b); and
- Ground Thirteen

Because Miller's petition is mixed, he has three options: (1) file a motion to dismiss seeking partial dismissal of the claims listed above; (2) file a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the claims listed above; and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance to hold his exhausted claims in abeyance while he returns to state court to exhaust the claims listed above.

**IV. Conclusion**

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 21) is GRANTED, in part, and DENIED, in part. Grounds Two(a), Six(a), and Ten(a) are dismissed as not cognizable. Grounds Three(a), Three(b), Eight and portions of Ground Four are dismissed as procedurally defaulted. The following grounds are unexhausted:

- Grounds One, Six, Nine, Eleven, and Twelve to the extent they allege Fifth Amendment due process violations;
- Grounds One, Four, Nine, Eleven, and Twelve to the extent they allege Fourteenth Amendment equal protection violations;
- Ground Ten(b); and
- Ground Thirteen.

///

////

///

///

///

///

///

///

///

///

It is further ordered that within 30 days of entry of this order, Miller must either: (1) file a motion to dismiss seeking partial dismissal of the unexhausted claims listed above; (2) file a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims listed above; and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims listed above.

It is further ordered that that failure to timely comply with this order will result in dismissal of Miller's mixed petition without further advanced notice.

DATED: July 31, 2026

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE